IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FRANK ELIJAH DENEGAL,

    Petitioner,

v.                                CIVIL ACTION NO.: CV209-006

WAYNE COUNTY SHERIFF'S
DEPARTMENT,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Frank Denegal ("Denegal") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed an Answer-Response and a Motion to Dismiss, to which Denegal responded. For the reasons which follow, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Denegal asserts he was arrested on December 16, 2007, by the Pooler Police Department and was taken to the Chatham County Jail. Denegal alleges that he was given a bond in Chatham County but could not be released from custody because Wayne County, Georgia, had a warrant out against him. Denegal contends that he was held in custody for more than a year on false charges. Denegal also contends that he received ineffective assistance of counsel because his public defender came to the Wayne County Jail for Denegal to sign a document against his will to plead guilty to the offense of car theft, even though he did not commit the crime. Denegal asserts that he

AO 72A
(Rev. 8/82)

was denied a fair, impartial, and speedy trial. Denegal alleges that he was treated differently based on his race and gender and that he was imprisoned falsely.

Respondent[1] asserts that Denegal's petition should be dismissed because his claims do not state grounds for relief in a habeas corpus petition. Respondent alleges that Denegal's claims are somewhat vague, but generally refer to alleged violations of Denegal's constitutional rights. Respondent also alleges that Denegal is not entitled to habeas corpus relief based on probation revocation proceedings. Respondent further alleges that, to the extent Denegal is attacking his convictions, the state court determinations are correct.

## DISCUSSION AND CITATION TO AUTHORITY

### I. Exhaustion

Pursuant to Rule 4 of the Rules governing petitions brought under 28 U.S.C. § 2254:

> The clerk must promptly forward the petition to a judge . . ., and the judge must promptly examine [the petition]. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Before bringing a § 2254 habeas petition in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. §§ 2254(b) and (c). "The exhaustion requirement is grounded in principles of comity and reflects a desire to

---

[1] Respondent asserts that Denegal names the Wayne County Sheriff's Department as the respondent in this case, and Denegal has named an entity not subject to suit. While Denegal does name the Wayne County Sheriff's Department as the respondent in this case, he clarifies in his petition that the respondent is the Sheriff of Wayne County, Georgia. (Doc. No. 1, p. 1). The undersigned will not address this portion of Respondent's Motion to Dismiss.

protect the state courts' role in addressing alleged violations of state prisoners' federal rights." Mauk v. Lanier, 484 F.3d 1352, 1357 (11th Cir. 2007). "Although the exhaustion requirement is not jurisdictional, there is a '"strong presumption in favor of requiring the prisoner to pursue his available state remedies.'" Id. (quoting Castille v. Peoples, 489 U.S. 346, 349 (1989)). The Eleventh Circuit has explained, "[a] state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). While "a verbatim restatement of the claims brought in state court" is not required, "a petitioner [must have] presented his claims to the state court such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation." McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (internal citation and punctuation omitted).

O.C.G.A. § 9-14-41 "provides the exclusive procedure for seeking a writ of habeas corpus for persons whose liberty is being restrained by virtue of a sentence imposed against them by a state court of record." "Any person imprisoned by virtue of a sentence imposed by a state court of record who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of this state may institute a proceeding under this article." O.C.G.A. § 9-14-42(a). A petitioner who is unsuccessful in obtaining relief in the superior court can file an appeal with the Georgia Supreme Court within 30 days of the order denying his requested relief. O.C.G.A. §§ 9-14-52(a) and (b).

Denegal did not file an application for state writ of habeas corpus relief before filing this petition. O.C.G.A. § 9-14-43 (directing a petitioner to file his petition in the

superior court of the county in which he is detained). Thus, Denegal did not exhaust his available remedies in the courts of Georgia, and this Court is without jurisdiction to entertain the portions of his petition in which he appears to challenge the probation revocation proceedings in Wayne County Superior Court. (Resp't's Exs. 1-2).

II. **Constitutional Claims**

The remaining portions of Denegal's petition do not set forth claims for habeas relief. A writ of habeas corpus is the means by which a prisoner may challenge the legality of his confinement. As noted by the United States Supreme Court, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Habeas actions are those that explicitly or by necessary implication challenge a prisoner's conviction or the sentence imposed on him by (or under the administrative system implementing the judgment of) a court. Thus, for example, when a prisoner makes a claim that, if successful, would shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a civil rights claim. Edwards v. Balisok, 520 U.S. 641, 645-46 (1997); Heck v. Humphrey, 512 U.S. 477 (1994). In contrast, claims in which prisoners assert that they are being subjected to unconstitutional punishment not imposed as part of their sentence, such as, for example, being falsely imprisoned or treated differently based on race or gender, are civil rights actions, not habeas actions. See generally, Farmer v. Brennan, 511 U.S. 825 (1994); Abello v. Rubino, 63 F.3d 1063 (11th Cir. 1995).

Denegal's remaining contentions properly lie within the purview of 42 U.S.C. § 1983, which authorizes an inmate to bring claims for a violation of his constitutional

rights by state actors. Should Denegal wish to pursue the remainder of his claims, he may do so by filing a cause of action pursuant to section 1983.

It is unnecessary to address the remaining grounds of Respondent's Motion to Dismiss.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Denegal's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**, without prejudice, due to his failure to exhaust his state remedies. It is further my **RECOMMENDATION** that Denegal's constitutionally-based claims be **DISMISSED**, without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 7th day of October, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE